UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI POORSINA,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 21-cv-05098-DMR<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 6 |

    Pro se Plaintiff Ali Poorsina filed a complaint against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") alleging claims in connection with a loan Wells Fargo made to third parties. Wells Fargo now moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint. [Docket No. 6.] The court held a hearing on September 9, 2021. For the following reasons, the motion is granted.

**I.    BACKGROUND**

    Poorsina makes the following allegations, all of which are taken as true for purposes of this motion.[1] On September 7, 2017, real property at 1563 28th Avenue, San Francisco, California (the "property") was sold at a "wrongful foreclosure trustee's sale." Compl. ¶ 13, Ex. A (Sept. 15, 2017 Trustee's Deed). As the highest bidder, Tan Tseng, owner of Steppingstone Assets Group LLC, purchased the property for $1,235,000. Compl. ¶ 13. In March 2019, Tseng "transferred" the property to Xiaosong Zhang and Meng Li "as community property with right of survivorship." *Id.* at ¶ 14, Ex. B (Grant Deed). On April 1, 2019, Wells Fargo approved a "Balloon Rider subprime loan" for Zhang and Li in the amount of $1,640,000, making Wells Fargo the lender for

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

the property.  Compl. ¶ 15, Ex. C (Deed of Trust).  Poorsina appears to allege that Zhang and Li's loan application was "faulty," and that Wells Fargo failed to investigate their background before "wrongfully ma[king] the borrowers eligible under community property with right of survivorship."  Compl. ¶¶ 2, 4, 5, 17, 18.  He also appears to allege that Wells Fargo approved Zhang and Li for "government-sponsored Fannie Mae loans" even though they did not qualify under federal regulations.  *Id*. at ¶ 17.

 Poorsina brings two claims against Wells Fargo: 1) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code section 17200 *et seq*.; and 2) "Cancellation of Security Instrument DOC 2019-K749372-00 Recorded on April 1, 2019."

Wells Fargo moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.[2]

## II.    REQUEST FOR JUDICIAL NOTICE

Poorsina filed a request for judicial notice in which he asks the court to take judicial notice of three exhibits.  [Docket No. 11 ("RJN").]  The first exhibit consists of the complaint and exhibits thereto that Poorsina filed in this action on July 1, 2021.  RJN Ex. 1.  The court denies the request to judicially notice the complaint filed in this case as moot, as the complaint is already part of the record.

Exhibit 2 is the complaint Poorsina filed on December 15, 2020 in this district, Case No. 20-cv-9122-AGT, *Poorsina v. Tan Tseng, Terrenz Kukant Cam, Boi Anh Hong, and Kevin Tu Cam*, and related ECF docket report.  [Docket No. 11-1 at ECF pp. 31-154.]  Exhibit 3 is a complaint filed on January 7, 2021 in this district, Case No. 21-cv-0274-KAW, *Baranchuk v. Steppingstone Assets Group LLC and Tan Tseng*, and related ECF docket report.  [Docket No. 11-1 at ECF pp. 155-184.]  Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the

---

[2] The court notes that this is one of several cases Poorsina has filed in this district related to the property located at 1563 28th Avenue in San Francisco, California.  For example, in December 2020, Poorsina filed a complaint against Zhang, Li, and another third party, Samuel Wang, challenging the loan at issue in this case.  Case No. 20-cv-09119-JCS, *Poorsina v. Zhang* (N.D. Cal., filed Dec. 14, 2020).  Chief Magistrate Judge Joseph S. Spero dismissed the case for lack of subject matter jurisdiction on March 31, 2021.

1 matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Poorsina does not explain the significance of the complaints filed in these cases or how they are relevant to the complaint in this case. Accordingly, the court denies Poorsina's request to take judicial notice of Exhibits 2 and 3.

### III.    LEGAL STANDARDS

#### A.    Rule 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. at 1039. A factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted). Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted).

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Because standing is a jurisdictional issue, it is properly addressed under a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "Where standing is raised in connection with a motion to dismiss, the court is to accept as true all material allegations of the complaint, and . . . construe the complaint in favor of the complaining party." *In*

3

*re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 597 (9th Cir. 2020) (quotations omitted).

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

4

Pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. The Ninth Circuit has held that "where the petitioner is pro se," courts have an obligation, "particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV.  DISCUSSION

Wells Fargo argues that Poorsina lacks Article III standing to bring his claims. It also argues that the court lacks subject matter jurisdiction over this action because the complaint does not present a federal question and the requirements of diversity jurisdiction are not satisfied.

### A. Article III Standing

To satisfy Article III's standing requirements, a plaintiff must show "(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

The court concludes that the complaint does not establish the foregoing standing requirements. First, the complaint does not adequately allege that Poorsina has suffered an injury in fact. "To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.'" *In re Facebook*, 956 F.3d at 597 (quoting *Spokeo v. Robins*, 136 S. Ct. 1540, 1548 (2016)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548. It must also be "concrete." *Id*. A concrete injury is one that "actually exist[s]"; that is, it must be "real, and not abstract," but it need not be tangible. *Id*. at 1548-49 (quotation marks and citations omitted). In this action, Poorsina challenges an allegedly improper mortgage loan between Wells Fargo and third parties. However, the complaint does not allege that he was personally, actually

damaged or injured in connection with Wells Fargo's approval of the loan. Accordingly, the complaint fails to allege that Poorsina suffered a harm that was "concrete and particularized."

The complaint also fails to allege causation for purposes of Article III standing. In order to establish "a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (internal quotation marks and citation omitted). As noted, the complaint does not clearly allege an injury to Poorsina. It also fails to allege how Wells Fargo's conduct *caused* any injury suffered by Poorsina. Given the failure to allege an injury to Poorsina that was caused by Wells Fargo, the complaint also fails to plead facts to show that any injury is "likely to be redressed by a favorable decision." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).

In sum, the complaint does not allege facts to satisfy Article III's standing requirements. As a result, the court lacks subject matter jurisdiction over this matter and it must be dismissed. *See Cetacean Cmty.*, 386 F.3d at 1174 ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit.").

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. By contrast, a district court has diversity jurisdiction over state law matters where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Parties are diverse only when the parties are "citizens of different states." *Id.*

In this case, Poorsina brings claims for violation of the UCL and "cancellation" of a security instrument. Neither of these claims arise under the constitution, laws, or treaties of the

6

United States. Although the complaint references the federal Fair Housing Act, 42 U.S.C. §§ 3601-3619, the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f, and the Home Mortgage Disclosure Act, 12 U.S.C. § 2803, Poorsina does not allege any claims under these statutes. *See* Compl. ¶¶ 1, 24. The sole allegation regarding subject matter jurisdiction in the complaint is as follows: "[t]his Court has supplemental jurisdiction over the Gov't Code claims and other California state claims brought herein pursuant to 28 U.S.C. § 1367." Compl. ¶ 10. However, section 1367 governs the exercise of supplemental jurisdiction over state law claims in a suit involving federal claims. In general, when district courts have original jurisdiction over civil actions, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Section 1367 does not supply an independent basis for subject matter jurisdiction. *Sonoma Falls Devs., LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 924–25 (N.D. Cal. 2003). Therefore, the court lacks federal question jurisdiction and Poorsina may only proceed in federal court if he establishes diversity jurisdiction.

A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. In relevant part, 28 U.S.C. § 1332 provides that parties are diverse when they are "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1), (2). Parties are diverse only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). "[T]he congressional grant of diversity jurisdiction is to be strictly construed." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

Poorsina alleges that he is a citizen of California and that Wells Fargo is a Delaware corporation with its principal place of business in Minnesota. Compl. ¶¶ 6, 7. However, he also alleges that Wells Fargo's "principal business" is in Des Moines, Iowa, and that Wells Fargo "is organized under the laws of the State of California" and has its headquarters in San Francisco, California. *Id.* at ¶¶ 8, 9. Wells Fargo disputes these allegations, and contends that it is a "national bank organized under the laws of the United States with its main office, as set forth in its

7

1    articles of association, in South Dakota." Mot. 7 n.3.  Although it does not submit evidence
2    supporting this contention, the Ninth Circuit has concluded that "Wells Fargo is a citizen only of
3    South Dakota," *see Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014), and Wells
4    Fargo does not dispute that the parties are diverse.
5      Since the parties are diverse, Poorsina must allege that the amount in controversy exceeds
6    $75,000 in order to satisfy the requirements of section 1332.  The complaint does not allege any
7    specific amount in controversy or any facts to show that the amount in controversy exceeds
8    $75,000.  The sole reference to any sum of money is the following statement in the prayer for
9    relief:

> Plaintiff respectfully prays that judgment be entered against Wells Fargo Bank, N.A. acted in concert, jointly and severally, for compensatory actual damages in excess of 3.5 million resulting from their fraudulent illegal Fannie Mae Freddie/Mac Non-Application whole-sale loan activities that severely damaged financial reputational and professional injury caused by Wells Fargo Bank, N.A. unjust, unlawful, unfair, deceptive, and unconscionable practices described herein, and such other and further relief as the Court may deem proper.

15   Compl. 6 (Prayer).  This statement, which is confusing and difficult to follow, appears to be a
16   claim for damages of over $3.5 million.  When determining whether a plaintiff has sufficiently
17   pled that the amount in controversy exceeds $75,000, "the plaintiff's amount-in-controversy
18   allegation is accepted if made in good faith."  *Dart Cherokee Basin Operating Co., LLC v. Owens*,
19   574 U.S. 81, 87 (2014) (citing *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 276 (1977)
20   ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith.")).  Here,
21   however, the complaint contains only the $3.5 million figure.  It does not allege any facts
22   supporting this sum as recoverable, nor facts linking any harm to conduct by Wells Fargo.  Such
23   an unsupported assertion as to the amount in controversy does not satisfy the jurisdictional
24   requirement.  *See Choudhuri v. Wells Fargo Bank, N.A*., No. 15-cv-03608-VC, 2016 WL
25   3212454, at *3 (N.D. Cal. Jun. 10, 2016) (holding that plaintiff's "bald assertion that the amount
26   in controversy 'is approximately $1 million' is insufficient to establish that the amount in
27   controversy actually exceeds the jurisdictional threshold.").  As noted, the complaint appears to
28   challenge an allegedly improper mortgage loan between Wells Fargo and third parties related to

1 real property. The complaint does not allege a connection between Poorsina and the real property, the third parties, or Wells Fargo, or explain how Poorsina has been harmed or damaged by the loan. Accordingly, the complaint does not adequately allege that the amount in controversy in this case exceeds $75,000. As a result, Poorsina fails to allege that the court has diversity jurisdiction over the complaint.[3]

Having determined that Poorsina has failed to establish the existence of subject matter jurisdiction, the court must determine whether to grant leave to amend. If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleadings could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Here, the court cannot definitively say that amendment would be futile. Accordingly, the complaint is dismissed with leave to amend to allege facts supporting Poorsina's Article III standing to bring this action and the court's exercise of diversity jurisdiction in this matter.

## V.    CONCLUSION

For the foregoing reasons, the motion to dismiss is granted. Poorsina's complaint is dismissed. Any amended complaint must be filed by no later than October 1, 2021. Poorsina must plead his best case.

**IT IS SO ORDERED.**

Dated: September 10, 2021



Donna M. Ryu
United States Magistrate Judge

---

[3] Since the court concludes that it lacks subject matter jurisdiction over the complaint, it does not reach Wells Fargo's arguments that the complaint fails to state a claim under Rule 12(b)(6).