UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI POORSINA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendant. | Case No. 21-cv-05098-DMR<br><br>**ORDER ON MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 32 |

　　　　Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6) to dismiss pro se Plaintiff Ali Poorsina's amended complaint. [Docket No. 32.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

I. **BACKGROUND**

　　A. **Factual Background**

　　　　Poorsina makes the following allegations in the amended complaint, all of which are taken as true for purposes of this motion.[1] Poorsina is the previous owner of real property at 1563 28th Avenue, San Francisco, California (the "property"). [Docket No. 29 (Am. Compl.) 3.] He alleges that on September 7, 2017, the property was sold at a "wrongful foreclosure trustee's sale." *Id*. Tan Tseng "was the highest bidder in Bid-Rigging auction" and purchased the property for $1,235,000. Poorsina alleges that there is video footage that "show[s] how Tan Tseng and his co-conspirator participated in bid-rigging right [in] front of the San Francisco City Hall." *Id*.; *see*

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

Manually Filed Exhibit—USB Flash Drive.[2]

On March 22, 2019, Tseng "transferred" the property to Xiaosong Zhang and Meng Li as "community property with right of survivorship." Am. Compl. 3. Wells Fargo subsequently approved a "subprime residential Balloon Rider loan" for Zhang and Li in the amount of $1,640,000 "without checking their creditworthiness and their background risk of repayment of the loan." *Id*. at 2, 3. Poorsina alleges that Zhang and Li were not qualified for the loan and that Wells Fargo's approval was "fraudulent[ ]," unlawful, and deceptive. *Id*. at 2.

Poorsina alleges that Tseng knew that Zhang and Li were not qualified to receive the loan and "made a faulty advertising listing that the Property . . . sold to [Zhang and Li] for the amount of $2,050,000 which is false information [because] the Grant Deed voluntarily was transferred to [Zhang and Li] as Trustors." *Id*. at 3-4. He alleges that Tseng created the "faulty advertising listing" in order to qualify Zhang and Li for the loan. *Id*. at 4.

Poorsina further alleges that "Wells Fargo's underwriter secretly signed an agreement with other third parties" to secure Zhang and Li's loan with two pieces of real property as collateral. *Id*. at 4. The two properties are located in San Francisco and are owned by the 2018 Revocable Trustees of Samuel Wang and Qingwen Xi. *Id*.

Poorsina brings two claims against Wells Fargo: 1) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code section 17200 *et seq*.; and 2) "Cancellation of Security Instrument" 2019-K749372-00 that was recorded in the San Francisco Recorder's Office on April 1, 2019.

**B.     Procedural History**

Poorsina filed the complaint on July 1, 2021. On September 10, 2021, following a hearing, the court granted Wells Fargo's motion to dismiss the complaint for lack of subject matter jurisdiction and ordered Poorsina to file an amended complaint by no later than October 1, 2021, instructing him to "plead his best case." *Poorsina v. Wells Fargo Bank, N.A.*, No. 21-CV-05098-DMR, 2021 WL 4133866, at *6 (N.D. Cal. Sept. 10, 2021). Rather than filing an amended

---

[2] The flash drive Poorsina submitted with the amended complaint contains three videos that appear to depict the auction of the property.

complaint, Poorsina filed a "First Amended Motion Regarding Defendant's Motion to Dismiss," in which he appeared to re-argue the merits of Wells Fargo's motion to dismiss, even though the court had already granted the motion and dismissed the complaint. [*See* Docket No. 22.] Wells Fargo moved to strike the filing. [Docket No. 23.] The court granted Poorsina "one final opportunity" to file an amended complaint and ordered him to do so by December 10, 2021. It also denied the motion to strike as moot. [Docket No. 28.] Poorsina timely filed the amended complaint. Wells Fargo again moves to dismiss.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. at 1039. A factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted). Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted).

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Because standing is a jurisdictional issue, it is properly addressed under a Rule

12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "Where standing is raised in connection with a motion to dismiss, the court is to accept as true all material allegations of the complaint, and . . . construe the complaint in favor of the complaining party." *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 597 (9th Cir. 2020) (quotations omitted).

### B.     Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which

4

1    are not physically attached to the pleading," without converting a motion to dismiss under Rule
2    12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.
3    1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept
4    as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr.*
5    *Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. The Ninth Circuit has held that "where the petitioner is pro se," courts have an obligation, "particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. DISCUSSION

The court dismissed Poorsina's complaint on the ground that it lacked subject matter jurisdiction over this action because the complaint did not establish Article III's standing requirements. *See Poorsina*, 2021 WL 4133866, at *3. It also found that the complaint did not satisfy the requirements of federal question or diversity jurisdiction. *Id.* at *5. Wells Fargo moves to dismiss the amended complaint, arguing that the amended complaint does not adequately allege that Poorsina has standing to bring his claims. It also argues that the amended complaint does not present a federal question and does not allege a basis for diversity jurisdiction. Mot. 5-8.

#### A. Article III Standing

To satisfy Article III's standing requirements, a plaintiff must show "(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

The court previously found that the complaint did not adequately allege that Poorsina has

suffered an injury in fact, a causal connection between any injury and Wells Fargo's conduct, or that any injury is likely to be redressed by a favorable decision. *Poorsina*, 2021 WL 4133866, at *3. The amended complaint again challenges the allegedly improper mortgage loan between Wells Fargo and Zhang and Li; specifically, it alleges that Wells Fargo's approval of the loan was wrongful and "fraudulent." As with the original complaint, the amended complaint does not allege how Wells Fargo's loan to third parties personally harmed or injured Poorsina in any way.

In his opposition, Poorsina contends that he has alleged a "particularized injury" as the "prior owner of the real property . . . that he lost . . . in wrongful foreclosure," and that Tseng "illegally purchased the property" and "recorded a new security instrument submitted to Wells Fargo" for the loan to Zhang and Li. *See* Opp'n 7. Poorsina's claims thus appear to be based on the following allegations: Poorsina lost the property due to "wrongful foreclosure" and an "illegal" auction sale to Tseng. Tseng then sold or transferred the property to Zhang and Li, who wrongfully obtained a mortgage loan for the property from Wells Fargo. The problem with this theory is that the amended complaint does not allege that Wells Fargo foreclosed on Poorsina's property or had anything to do with the foreclosure or sale to Tseng.³ The only allegations about Wells Fargo's wrongdoing are in connection with its role in granting the mortgage loan to Zhang and Li, but the amended complaint does not allege how the *loan approval itself* harmed Poorsina in any way. Accordingly, the amended complaint does not allege that Poorsina suffered a harm that was "concrete and particularized." *In re Facebook*, 956 F.3d at 597 ("To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.'" (quoting *Spokeo v. Robins*, 578 U.S. 330, 339 (2016))). It also fails to allege that Wells Fargo's conduct at issue—the loan approval—*caused* any injury to Poorsina. *See Lujan*, 504 U.S. at 560 (in order to establish "a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not

---

³ Poorsina does not identify the individuals that appear in the videos attached as exhibits to the amended complaint, and the amended complaint does not allege that Wells Fargo or its representatives played any role at the auction.

before the court."). Finally, since the amended complaint does not allege an injury to Poorsina that was caused by Wells Fargo, it fails to plead facts to show that any injury is "likely to be redressed by a favorable decision." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).

In sum, the amended complaint does not allege facts supporting Poorsina's Article III standing to bring the claims at issue in the amended complaint. Accordingly, the court lacks subject matter jurisdiction over this case. *See Cetacean Cmty.*, 386 F.3d at 1174 ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit."). As Poorsina has already been granted leave to file an amended pleading that establishes his Article III standing but failed to do so, the court concludes that further amendment would be futile. Therefore, the amended complaint is dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (leave to amend may be denied "where the amendment would be futile.").[4]

### IV. CONCLUSION

For the foregoing reasons, Wells Fargo's motion to dismiss the amended complaint is granted and the amended complaint is dismissed without prejudice. *See Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case."). The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: July 25, 2022



Donna M. Ryu
United States Magistrate Judge

---

[4] Since the court concludes that it lacks subject matter jurisdiction due to Poorsina's lack of Article III standing, it does not reach Wells Fargo's remaining arguments in favor of dismissal.